IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT APPPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL. | § | |
| Plaintiff, | § | |
| | § | Civ. Action No. 3:10-cv-1394-N |
| VS. | § | |
| RONALD WIESELBERG, ET AL., | § | |
| Defendants. | § | |

**GENE B. RAMIREZ'S MOTION TO DISMISS (WITH SUPPORTING MEMORANDUM) RECEIVER'S COMPLAINT AGAINST CERTAIN FORMER STANFORD EMPLOYEES WHO INVESTED IN SIBL CDS**

TO THE HONORABLE COURT:

Gene B. Ramirez ("Ramirez") files this Motion to Dismiss Receiver's Complaint Against Certain Former Stanford Employees Who Invested in SIBL CDs pursuant to Rules 8(a), 9(b), and 12 of the Federal Rules of Civil Procedures, and supporting brief, and respectfully would show:

## I. INTRODUCTION

Ramirez was an investor in CDs issued by Stanford International Bank Limited ("SIBL") in Antigua. The Receiver has spent millions of dollars filing and prosecuting multiple lawsuits against innocent investors using pleadings that fail to meet the requirements of Federal Rules of Civil Procedure 8(a) and 9(b). Ignoring these failures, the Receiver demands that the innocent defendants turn over large sums of money, much of which was paid to the innocent investors pursuant to contractual obligations years ago, and that the Receiver recover his substantial attorney's fees. The Receiver's Complaint should be dismissed because the Receiver lacks

standing and because the Complaint fails to state a claim upon which relief can be granted or to satisfy the pleading requirements of Rules 8(a) and 9(b).

## II. ARGUMENTS AND AUTHORITIES

### A. Complaint should be dismissed pursuant to Rule 12(b)(1).

The Receiver lacks standing to pursue the claims asserted in the Complaint. The Receiver claims that he brings this action as the receiver of SIBL. As the Court is aware, the government of Antigua and Barbuda, pursuant to properly convened legal proceedings before the Eastern Caribbean Supreme Court of Justice, previously appointed Nigel Hamilton-Smith and Peter Wastell as Liquidators of SIBL (the "Liquidators"). These orders place the Liquidators in custody and control of all tangible or intangible assets of SIBL, including the causes of action asserted against Ramirez. Therefore, the Receiver lacks standing to assert these causes of action.

Although the Receiver and Liquidators entered into an agreement regarding resolution of SIBL's claims, that settlement has not been approved by the relevant courts. In addition, the Eastern Caribbean Supreme Court has revoked the Antiguan Liquidators appointment and is considering the appointment of a new liquidator to exercise that authority. Therefore, the agreement between the Receiver and Liquidators does not grant standing to the Receiver.

### B. Motion to dismiss for failure to state a claim upon which relief may be granted and for failing to comply with the pleading requirements of Rule 8(a) and 9(b).

The Receiver's claims should be dismissed for failure to satisfy the pleadings requirements of Rule 8(a) and 9(b) and, pursuant to 12(b)(6), for failing to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief can be granted. The Receiver's Complaint fails to provide the grounds or supporting facts upon which he is entitled to relief

against Ramirez. This defect is fatal because a plaintiff must plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. *Id.* The plaintiff cannot merely use labels, conclusions or a formulaic recitation of a cause of action; rather, the plaintiff must plead facts and not mere conclusory allegations. *Id.*; *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

**1. The Receiver fails to sufficiently plead the Receiver's fraudulent transfer claim.**

A heightened level of pleading is imposed for fraud claims: "a party must state with particularity the circumstances constituting fraud or mistake." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 339 (5th Cir. 2008); Fed. R. Civ. Proc. 9(b). A plaintiff must sufficiently plead the "who, what, when and where" before the case will be allowed to continue. *Southland Securities Corp. v. Inspire Ins. Solutions, Inc.,* 365 F.3d 353, 361 (5th Cir. 2004).

In the present lawsuit, the Receiver's allegations are not specific as to the individual defendants. Instead, the Receiver impermissibly seeks to lump all the defendants together, failing to satisfy the requirements of Rule 9(b). Although the Receiver attaches, in a separate appendix, the alleged total dollar amount that was received by Ramirez, and other investors, this information is meaningless without the most basic pleading of the dates he alleges these sums were received. Additionally, neither the complaint nor the attached appendix provides any particularity concerning the source, origination or underlying agreements of the sums shown in the chart. The Receiver's attempt to merely plead *Ponzi* and that he wins is procedurally insufficient and requires the Complaint be dismissed pursuant to Rule 12(b)(6).

In addition, the Receiver sues numerous individuals located in various states without pleading the applicable law allowing for recovery. As the Receiver acknowledged during oral

argument before the Fifth Circuit, fraudulent transfer statutes differ and numerous trials under different laws will be required to recover funds from all of the investors. Therefore, the specific law upon which the Receiver sues Ramirez for fraudulent transfer must be pled to give him sufficient notice in preparing a defense to the Complaint. *Asarco LLC v. Americas Mining Corp.,* 382 B.R. 49, 84 (S.D. Tex. 2007). In *Asarco,* the district court found that the plaintiffs' claim for fraudulent transfer was deficient under the requirements of Rule 9(b) because the complaint did not indicate the specific state-law statute relied upon by the plaintiffs. *Id.* Although the district court did not dismiss the claim, it required the plaintiffs to amend their complaint to conform their fraudulent transfer claim to the pleading requirements of Rule 9(b). *Id.*

In response to motions to dismiss filed by other investors in related proceedings, the Receiver has taken the position that he is not required to plead his fraudulent transfer claims with particularity. This issue, as has been noted by several courts in the Fifth Circuit, is subject to debate because the Fifth Circuit has not addressed whether Rule 9(b) applies to claims for fraudulent transfer. *See Biliouris v. Sundance Resources, Inc.,* 559 F. Supp. 2d 733, 736 (N.D. Tex. 2008). The U.S. district courts in Texas are split on whether claims under the Texas Uniform Fraudulent Transfer Act must satisfy the requirements of Rule 9(b). *See Indiana Bell Tel. Co. v. Lovelady,* 2006 U.S. Dist. LEXIS 7998, *7-8 (W.D. Tex. Jan. 11, 2006) (although parties did not dispute that Rule 9(b) applied, the court stated that it "believes that Fifth Circuit precedent does favor applying [Rule 9(b)] to the Texas UFTA anyway."); *Asarco,* 382 B.R. at 84 (finding that Rule 9(b) did apply to fraudulent transfer action when plaintiffs failed to plead the applicable state law); *Alexander v. Holden Business Forms, Inc.,* 2009 U.S. Dist. LEXIS 62279, *7-8 (N.D. Tex. July 20, 2009) (holding that requirements of Rule 9(b) does apply to some

claims under Texas UFTA); *GE Capital Commercial, Inc. v. Wright & Wright, Inc.,* 2009 U.S. Dist. LEXIS 121472, *33-34 (N.D. Tex. December 31, 2009) (finding that Rule 9(b) requirements did not apply to specific fraudulent transfer claim under Texas UFTA). The Court should find that the requirements of Rule 9(b) are applicable, in particular because the Receiver alleges that the transfers were made with intent to defraud. (Complaint at ¶ 32).

Moreover, resolution of this issue may be dependent upon the language and requirements of the specific fraudulent transfer laws replied upon by the Receiver, which he has failed to cite. Therefore, the Receiver has failed to satisfy the requirements of Rule 9(b) and 8(a). The Complaint fails to provide sufficient notice to Ramirez to allow him to prepare a defense to the Complaint. For these reasons, Ramirez requests that the Complaint be dismissed.[1]

**2. The Receiver fails to sufficiently plead the Receiver's unjust enrichment claim or to state a claim for upon which relief can be granted.**

Similar to the Complaint's deficiencies regarding the Receiver's fraudulent transfer cause of action, the Complaint's unjust enrichment allegations are deficient under Rule 8(a) because they fail to identify the specific state law relied upon by the Receiver to give Ramirez sufficient notice as to the elements of the Receiver's unjust enrichment claim. Moreover, the Court has no way to know whether the Receiver has pled all elements of the applicable unjust enrichment laws he relies upon in bringing claims against the various defendants.

Moreover, to the extent Texas law applies (or similar laws), the Receiver has failed to state a claim upon which relief can be granted because he has failed to plead that the defendants obtained a benefit from another by fraud, duress, or the taking of an undue advantage. *Heldenfels Bros., Inc. v. City of Corpus Christi,* 832 S.W.2d 39, 41 (Tex. 1992); *Eagle Metal*

[1] In the alternative, Ramirez requests that the Receiver be required to file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

*Prods., LLC v. Keymark Enters., LLC*, 651 F. Supp. 2d 577, 591 (N.D. Tex. 2009). The Complaint contains no facts supporting an inference that Ramirez obtained any benefit by fraud, duress, or the taking of undue advantage. Moreover, the Receiver does not allege that Ramirez was aware of any fraudulent or wrongful activity related to the Stanford Defendants. Therefore, the Complaint does not support, and in fact precludes, an unjust enrichment cause of action against Ramirez. The Receiver's unjust enrichment cause of action should be dismissed pursuant to Rule 12(b)(6).

WHEREFORE, Gene B. Ramirez respectfully requests that the Receiver's Complaint be dismissed, that he be awarded his costs and such other and further relief to which he may be entitled.

Respectfully submitted,

By: s/Monica L. Luebker
Monica L. Luebker (Lead Attorney)
State Bar No. 12670750
Jay E. Ray
State Bar No. 24002805

Fishman Jackson Luebker PLLC
Three Galleria Tower
13155 Noel Road, Suite 700, L.B. 13
Dallas, TX 75240-1518
Telephone: (972) 419-5500
Telecopy: (972) 419-5501
Email: mluebker@fishmanjackson.com
jray@fishmanjackson.com

ATTORNEYS FOR GENE B. RAMIREZ

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading has been forwarded to all counsel of record and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2) on February 16, 2011.

___s/Monica L. Luebker_______________