```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                           DALLAS DIVISION

RALPH S. JANVEY, IN HIS CAPACITY
AS COURT-APPOINTED RECEIVER FOR
THE STANFORD INTERNATIONAL BANK,
LTD., ET AL,

      Plaintiff,                        Case No. 3:10-cv-1394

v.

RONALD WIESELBERG, ET AL.,

      Defendants.

_____/
```

**DEFENDANTS RONALD WIESELBERG, MONICA A. CESPEDES, ELSIE H. LECUSAY, AND RICARDO COBIELLA'S MOTION TO DISMISS RECEIVER'S COMPLAINT AGAINST CERTAIN FORMER STANFORD EMPLOYEES WHO INVESTED IN SIBL CDS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2), 12(b)(6), and 9(b) AND TO STRIKE THE RECEIVER'S CLAIM FOR ATTORNEY'S FEES AND COSTS**
(AND INCORPORATD MEMORANDUM OF LAW)

Defendants RONALD WIESELBERG, MONICA A. CESPEDES, ELSIE H. LECUSAY, and RICARDO COBIELLA, by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(6) and 9(b), respectfully file this Motion, and in support thereof state:

                        -- SUMMARY --

This case arises out of an alleged Ponzi scheme carried out by the Stanford companies controlled by R. Allen Stanford. As part of its alleged Ponzi scheme, Stanford sold certificates of deposit issued by Stanford

International Bank Limited (SIBL) in Antigua promising above-market returns and assuring investors that the CDs were backed by safe, liquid investments. Defendants are former employees of the Stanford companies and residents of the State of Florida who invested in SIBL CDs.

The SEC filed suit against R. Allen Stanford, SIBL, and related companies on February 16, 2009. Ralph S. Janvey was subsequently appointed Receiver for the Stanford interests. In this suit, the Receiver seeks to seize all "CD proceeds" from former Stanford employees who invested in SIBL CDs, in the name of the Receivership Estate.

RONALD WIESELBERG, MONICA A. CESPEDES, ELSIE H. LECUSAY, and RICARDO COBIELLA named as defendants, are residents of Florida. The Receiver's Complaint fails to meet its initial pleading burden to establish the Court's *in personam* jurisdiction over these Florida defendants.

The Receiver's Complaint, alleges in vague and conclusory terms that the CD Proceeds it seeks to seize were fraudulently transferred to the Employee Investors pursuant to (unspecified) applicable law, but does not accuse the Employee Investors of any wrongdoing in the transfers. The Complaint tacitly acknowledges that the Employee Investors were deceived just like the non-employee investors in SIBL CDs into purchasing SIBL CDs. They were

2

victims — not perpetrators — of the alleged Ponzi scheme engineered by Stanford and his high-placed cronies. The Complaint tries to taint the Employee Investors with the Stanford Defendants' alleged fraud but does not — and cannot — set forth any cause of action for any wrongdoing by the Employee Investors in the "fraudulent transfer" alleged against Stanford and his cronies.

Nor does the Receiver's Complaint name the employee investor defendants as "nominal" or "relief" defendants. For the former employee investors to be named as relief defendants, the Receiver would have to plead that the former employee investors had no ownership interest in the allegedly ill-gotten funds. SEC v. Colello, 139 F.3d 674 (9th Cir. 1998). Unable to plead the above, since the former employees had *invested* in the CDs, and knowing that the employee investors were victims (but not perpetrators) of any Stanford wrongdoing, the Receiver just plows forward trying to rip funds away from the defendants through vague allegations and veiled threats but without pleading any cause of action for which relief might be granted as required by Rule 12(b)(6).

Receiver's attempt to plead unjust enrichment fails under Rule 12(b)(6). The Complaint does not - and cannot - allege the elements of unjust enrichment. In a bare

3

attempt to circumnavigate the deficiencies in his non-pleading of a theory of recovery, the Receiver simply asserts that he is entitled to disgorgement of the CD Proceeds paid to the Former Employee Investors pursuant to the doctrine of unjust enrichment because "in equity and good conscience" the CD Proceeds belong to the Receivership Estate. (Complaint, ¶39) This count also falls far short of the pleading requirements of Rule 12(b)(6).  Accordingly, this Court should also dismiss both counts of the Receiver's Complaint.

## I.  THE RECEIVER'S ATTEMPT TO TREAT THE FORMER EMPLOYEE INVESTORS AS RELIEF DEFENDANTS FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted.  In the present case, the Receiver's claim to the CD Proceeds earned by the Former Employee Investors rests on his assertion that:

> The Receiver is entitled to disgorgement of all CD Proceeds paid to the Former employee investors because such payments constitute fraudulent transfers under applicable law.

Complaint, ¶32. The factual allegations in the complaint must be sufficient to raise a non-speculative right to relief. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007). "A formulaic recitation of the elements of a cause

4

of action will not do." As more fully set forth below, the Complaint lacks sufficient factual allegations to rise above the bar set by the Supreme Court in Twombley. The Complaint against the Former Employee Investors is vague, speculative, and deficient. Accordingly, it should be dismissed.

-- THE FORMER EMPLOYEE INVESTORS COMMITTED NO WRONG --

The Complaint refers to wrongs committed by The Stanford Defendants, by which one is to understand Stanford and other highly placed officers and directors of SIBL and other Stanford owned and controlled enterprises.[1] However, nowhere in the 14 pages of the Complaint does the Receiver indicate any actions or omissions of the Former Employee Investors which constitute "fraudulent transfers." Any "fraudulent transfer" alleged in the Receiver's Complaint were perpetrated by R. Allen Stanford and his cohorts alone. Although the Receiver goes to great lengths to try to taint the Former Employees with Stanford's bad acts, he fails to allege any wrongdoing by the Former Employee Investors themselves. The Complaint fails to state any cause of action against the Former Employees themselves.

---

[1] The reference is to "the Stanford Defendants, who orchestrated the Ponzi scheme, transferred the CD Proceeds to the Former Employee Investors with the actual intent to hinder, delay, or defraud their creditors." Complaint, ¶38.

## II. THE REFERENCES TO "FRAUD" OR "FRAUDULENT TRANSFERS" IN THE COMPLAINT ARE NOT STATED WITH SUFFICIENT PARTICULARITY TO MEET THE REQUIREMENTS OF FEDERAL RULE OF CIVIL PROCEDURE 9(b).

To the extent that the Receiver may seek to hold the Former Employee Investors tangentially responsible for the fraud or fraudulent transfers alleged against Stanford and his cronies, the Receiver fails to meet the pleading requirements of Fed. R. Civ. P. 9:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b). The Receiver alleges that any payments by SIBL made to the Former Employees who had purchased CDs were "fraudulent transfers under applicable law." The Receiver does not state which "applicable law" he contends applies to the Former Employee Investors. It is precisely this abuse which Rule 12(b)(6) is designed to prevent. Under the Receiver's theory of pleading, the Former Employee Investors are left to guess at the "applicable law" he had in mind and defend themselves against it.

The Receiver also does not specify the time period when the alleged fraudulent transfers were made, much less identify with any particularity any particular alleged fraudulent transfer to any of the Former Employees. The

6

omission is not without significance as it assumes, without specifically stating, that SIBL did not have or make any legitimate investments at any time during its existence or recognize that distributions made to some or all of the Former Employee Investors may have been made at a time when SIBL was not operating a Ponzi scheme. Some of the Former Employee Investors had withdrawn funds which the Receiver now wants to seize substantially before the unceremonious collapse of SIBL. In order for the Former Employee Investors to address the Receiver's allegations, the receiver should identify the "fraudulent transactions" to which he refers in the Complaint, the amount of each transaction, the date of the transaction, and the Former Employee Investors' role in the transaction. Because the Complaint fails to do any of the above, it fails to meet the heightened pleading requirements of Rule 9(b) and should be dismissed.

III. THE FORMER EMPLOYEE INVESTORS ARE NOT PROPER RELIEF DEFENDANTS. THE COMPLAINT FAILS TO STATE A THEORY OF RELIEF AGAINST THE FORMER EMPLOYEE INVESTORS AS RELIEF DEFENDANTS.

The Complaint avoids labeling or calling the Former Employee Investors as "nominal" or "relief" defendants, yet it appears that the Receiver seeks to claw away their money based on his unwritten and unplead assertion that they are proper relief defendants.

7

By definition, a relief defendant is not accused of wrongdoing and has no ownership interest in the property that the Receiver attempts to seize, but is joined as a means of facilitating collection of the property. SEC v. Cavanagh, 445 F.3d 105 (2d Cir. 2006). A court may order relief against a "relief" or "nominal" defendant if the pleader pleads and proves sufficient facts to demonstrate that the relief defendant (a) received ill-gotten funds and (b) has no ownership interest or legitimate claim to those funds. SEC v. Cavanagh, 155 F.3d 129, 136 (2d Cir. 1998) (Federal courts may order equitable relief against a person who is not accused of wrongdoing in a securities enforcement action where that person: (1) has received ill-gotten funds; and (2) does not have a legitimate claim to those funds.) For the former employee investors to be named as relief defendants, the Receiver would have to plead that the former employee investors had no ownership interest in the allegedly ill-gotten funds. SEC v. Colello, 139 F.3d 674 (9th Cir. 1998).

Here, the Receiver fails to properly plead the Former Employee Investors' lack of a legitimate claim or ownership interest to the CD Proceeds. The flaw is fatal to the Receiver's claim. Accordingly, the Receiver's claim against the Former Employee Investors must be dismissed.

The issue has been addressed and resolved in a parallel case, Janvey v. Adams, 588 F.3d 831 (5th Cir. 2009). In that case, the Fifth Circuit held that the Stanford Receiver failed to establish that Investor Defendants in SIBL CDs lacked a legitimate claim to the CD proceeds they received from the Stanford bank and were not proper relief defendants. Like the Investor Defendants in Janvey v. Adams, the Former Employee Investors in this case are not proper relief defendants. In Janvey v. Adams, the Fifth Circuit explained as follows:

> We conclude that the Receiver has satisfied the first requirement — that the payments the Investor Defendants received came from funds that had been ill-gotten by the Stanford interests. However, the Receiver has failed to establish that the Investor Defendants lack a legitimate claim to the CD proceeds they received from the Stanford Bank. **They are therefore not proper relief defendants.**
>
> The jurisprudence requires only an "ownership interest" to preclude an entity from being a proper relief defendant. *Kimberlynn Creek Ranch*, 276 F.3d at 191; *SEC v. Cherif*, 933 F.2d 403, 414(7th Cir. 1991); *SEC v. Founding Partners Capital Mgmt.*, 639 F. Supp. 2d 1291, 1294 (M.D. Fla. 2009). It is undisputed that the Investor Defendants received CD proceeds pursuant to written certificate of deposit agreements with the Stanford Bank, which granted them certain rights and obligations. **There was a debtor-creditor relationship between the Investor Defendants and the Stanford Bank based on written agreements well before the underlying SEC enforcement action against Stanford and the resulting receivership and restraining order. This constitutes a sufficient legitimate ownership interest to preclude treating the**

9

>  **Investor Defendants as relief defendants.** *See Founding Partners Capital Mgmt.*, 639 F. Supp. 2d at 1294; *cf. Kimberlynn Creek Ranch*, 276 F.3d at 192 ("[R]eceipt of funds as payment for services rendered to an employer constitutes one type of ownership interest and would preclude proceeding against the holder of the funds as a nominal defendant.") **The Investor Defendants are a far cry from the "paradigmatic" nominal defendant — a trustee, agent or depository.** *See SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998). **The Investor Defendants have legitimate ownership interests in their CD proceeds, and therefore cannot be considered proper relief defendants.**

<u>Janvey v. Adams</u> at 834-35 [emphasis added].

For purposes of determining their "relief defendant" status, the Former Employee Investors in the present case and the Investor Defendants in <u>Janvey v. Adams</u> are all but identical. Both received CD proceeds pursuant to written certificate of deposit agreements with the Stanford Bank, both established a debtor-creditor relationship between the Investor Defendants and the Stanford Bank based on written agreements well before the underlying SEC enforcement action, and both had a sufficient legitimate ownership interest to preclude being treated as relief defendants.

IV. THE COMPLAINT DOES NOT — AND CANNOT IN GOOD FAITH — ALLEGE THAT THE FORMER EMPLOYEE INVESTORS DO NOT HAVE A LEGITIMATE OWNERSHIP INTEREST IN THE CD PROCEEDS.

The <u>Adams</u> opinion, rendered in 2009, several months before the filing date of the Complaint in this case, bars the Receiver from pleading in good faith that the Former

10

Employee Investors do not have a legitimate ownership interest in the CD proceeds. The Fifth Circuit's holding in Adams may explain why the Receiver avoids using the term "relief defendant" in the Complaint.

The Receiver's attempt to shift the burden to the Former Employee Investors to establish their legitimate claim as an affirmative defense (Complaint at ¶34) must be rejected. In the first place, as shown above, the relief defendants' lack of a legitimate interest in the funds is an essential element of the cause of action. It is not an affirmative defense as the Receiver would have the world assume. S.E.C. v. Colello, 139 F.3d 674, (9th Cir. 1998)

> [T]he creditor plaintiff must show that the nominal defendant has received ill gotten funds and that he does not have a legitimate claim to those funds. **The SEC attempts to counter [defendant's] argument by characterizing [his] claim that he has a legitimate interest in the funds as an affirmative defense. We disagree with the SEC because the lack of a legitimate claim to the funds is the defining element of a nominal defendant.**

Colello at 677 (emphasis added).

The references cited by Receiver for the proposition that the defendants must plead "legitimate claim to funds" as an affirmative defense miss the mark. In both cases cited, the procedural posture is different from the present case. In Case No. 3:09-CV-0724-N, the affirmative defense

11

reference arises under the Texas Uniform Fraudulent Transfer Act which the Receiver has not attempted to invoke against the Florida Former Employee Investors.

Were the Receiver to attempt to proceed under the Texas Uniform Fraudulent Transfer Act against the Forida Former Employee Investors it would fail because the Receiver cannot assert a basis for *in personam* jurisdiction over the Florida Former Employees who have no meaningful contacts with Texas.  Moreover, the Receiver would have to plead facts to support the Texas fraudulent transfer law.  As more fully discussed above, the Receiver's Complaint does not allege any wrongdoing by the Former Employee Investors. Accordingly, the Court should dismiss the Complaint against the Former Employee Investors for failure to state a claim under Rule 12(b)(6).

V.   THE RECEIVER FAILS TO STATE A CLAIM FOR RELIEF UNDER
         THE THEORY OF UNJUST ENRICHMENT.

The Receiver's alternative theory of relief — unjust enrichment — also should be dismissed for failure to state a claim for which relief may be granted pursuant to Rule 12(b)(6).  The Receiver's claim is limited to a single paragraph in his 14-page Complaint:

> 39.  In the alternative, the Receiver is entitled to disgorgement of the CD Proceeds paid to the Former Employee Investors pursuant to the doctrine of unjust enrichment under applicable law.  The Former employee Investors hold CD

12

> Proceeds they obtained as a result of taking undue advantage, and such CD Proceeds in equity and good conscience belong to the Receivership for ultimate distribution to the defrauded investors.

Complaint, ¶39.

The Receiver's unjust enrichment claim fails to rise even to the level of the bare bones "formulaic recitation" deemed inadequate by the Supreme Court in Twombley. Twombley at 555. Besides being impermissibly vague, the Receiver's allegation that the Former Employee Investors obtained the CD Proceeds "as a result of taking undue advantage" is inconsistent with the facts (or lack thereof) alleged in the rest of the Complaint which fails to accuse the Former Employee Investors of any wrongdoing. The unjust enrichment claim is inconsistent with any claim against the Former Employee Investors as relief defendants.

The reader is left to speculate about whom the Former Employee Investors "took advantage" of.  And how did they do it?  Any implication that they took advantage of the Stanford enterprises is more than preposterous. All that the Former Employees did was to invest their hard earned savings in CDs offered by SIBL, whom they had every reason to believe was a legitimate enterprise supervised and regulated by numerous federal and state agencies.  They are

13

victims whom the Receiver now wants to further victimize through vague and baseless allegations.

Also, the Receiver uses his magic one-size-fits-all formulation that the unjust enrichment claim is brought under "applicable law" while omitting any reference to the "applicable law" which he may have in mind.  A Complaint must be more than a game of charades or hide and seek.  If the Receiver believes that he knows of an "applicable law" under which the Former Employee Defendants may be subject to his claim of unjust enrichment, it should be plainly and clearly stated in the Complaint.

Because Defendants RONALD WIESELBERG, MONICA A. CESPEDES, ELSIE H. LECUSAY, and RICARDO COBIELLA are and at all times relevant to this action, were residents of Florida, if the Receiver believes it has an actionable claim for unjust enrichment against these defendants, it must be referenced to Florida law.

To state a claim for unjust enrichment under Florida law, the plaintiff must plead all the following elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair

14

value for it. Hillman Construction Corp. v. Wainer, 636 So. 2d 576 (Fla. 4th DCA 1994). A claim for unjust enrichment is inappropriate when payment has been made for the benefits conferred. Gene B. Glick Co., Inc. v. Sunshine Ready Concrete Co., Inc., 651 So. 2d 190 (Fla. 4th DCA 1995). Here, it is undisputed that the Former Employee Investors paid for the SIBL CDs. Accordingly, even if the Receiver were to amend his Complaint to plead the elements of unjust enrichment required by Florida law, the claim would fail. Because the Receiver has failed to properly plead a cause of action for which relief may be granted, this Court should dismiss the Receiver's unjust enrichment count against the Former Employee Investors.

VI.  THE RECEIVER FAILS TO MEET HIS INITIAL PLEDING BURDEN TO ASSERT THE COURT'S IN PERSONAM JURISDICTION OVER THE FLORIDA FORMER EMPLOYEE INVESTORS.

In this suit, filed in the United States District Court for the Northern District of Texas, the Receiver seeks to seize all "CD proceeds" from Former Employee Investors in the name of the Receivership Estate.

Defendants RONALD WIESELBERG, MONICA A. CESPEDES, ELSIE H. LECUSAY, and RICARDO COBIELLA, are Former Employee Investors who are residents of the State of Florida and have no meaningful contacts with the State of Texas.

15

Receiver contends that this Court has *in personam* jurisdiction over the Florida Defendants pursuant to 28 U.S.C. §754. Complaint at ¶12.

28 U.S.C. §754 provides as follows:

> A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control over all such property with the right to take possession thereof.
>
> He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title.

28 U.S.C. §754 speaks about property, not persons, and grants the Receiver authority to sue and be sued in any U.S. District Court but 28 U.S.C. §754 does not grant this Court *in personam* jurisdiction over the Florida Defendants.

Similarly, 8 U.S.C. §77v(a) and 18 U.S.C. §78aa, referenced by Receiver in paragraph 10 of the Complaint confer jurisdiction on the district courts of the United States over offenses and violations of federal securities laws and provide that suit may be brought "in the district wherein the defendant is found or is an inhabitant or transacts business . . . . (18 U.S.C. §78aa) but do not confer *in personam* jurisdiction over the defendants. Together, 28 U.S.C. §754, 18 U.S.C. §77v(a), and 18 U.S.C.

16

§78aa, confer subject matter jurisdiction on the Court and permit suit to be brought in any district where the defendants may be found, is an inhabitant, or transacts business, but they do not confer *in personam* jurisdiction over Florida defendants by a Texas district court.

Under the Texas long-arm statute, the plaintiff has the initial burden to plead sufficient allegations to confer jurisdiction. American Type Culture Collection, Inc. v. Coleman, 83 S.W.3d 801 (Tex. 2002) Here, the Complaint does not fulfill Receiver's initial pleading burden to bring the Florida defendants within the reach of the long-arm statute or address the due process constraints on personal jurisdiction elucidated in Int'l Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny. Accordingly, pursuant to Fed. R. Civ. P. 12(b)(2), this Court should dismiss the Receiver's Complaint against the Florida Former Employee Investors for lack of *in personam* jurisdiction. *See* Judge Keith's dissent in Haile v. Henderson Nat'l Bank, 657 F.2d 816, 826 (6th Cir. 1981).

### VII. THE COURT SHOULD STRIKE RECEIVER'S CLAIM FOR ATTORNEY'S FEES AND COSTS.

Receiver's claim to attorney's fees and costs pursuant to Tex. Bus. & Com. Code §24.013, set forth in paragraph 36 of the Complaint, should be struck.  Receiver requests "attorney's fees and costs "for prosecuting his fraudulent-

17

transfer claims against the Former Employee Investors." Complaint, ¶36. However, the Complaint does not include a fraudulent transfer claim against the Former Employee Investors or allege facts which would support such a claim. Accordingly, the Court should strike Receiver's claim for attorney's fees and costs.

WHEREFORE, Defendants RONALD WIESELBERG, MONICA A. CESPEDES, ELSIE H. LECUSAY, and RICARDO COBIELLA respectfully request this Court dismiss the Receiver's Complaint Against Certain Former Stanford Employees Who Invested in SIBL CDS, and any and all other relief which the Court may deem just and proper.

Dated: March 7, 2011.

Respectfully Submitted,

s/ *Jose F. Torres*

_____
Jose F. Torres
Florida Bar No. 148067
CAMPBELL & MALAFY
1000 Ponce de Leon Blvd., Ste. 205
Coral Gables, Florida 33134
(305) 447-8580
torreslaw@mac.com

CERTIFICATE OF SERVICE

18

WE HEREBY CERTIFY that on the 7th day of March, 2011, a true and correct copy of the above and foregoing was served via ECF on:

Kevin M. Sadler
BAKER BOTTS LLP
1500 San Jacinto Center
98 San Jacinto Boulevard
Austin, Texas 78701
Kevin.sadler@bakerbotts.com

Robert I. Howell
BAKER BOTTS LLP
1500 San Jacinto Center
98 San Jacinto Boulevard
Austin, Texas 78701
Robert.howell@bakerbotts.com

David T. Arlington
BAKER BOTTS LLP
1500 San Jacinto Center
98 San Jacinto Boulevard
Austin, Texas 78701
David.arlington@bakerbotts.com

Timothy S. Durst
BAKER BOTTS LLP
2001 Ross Avenue
Dallas, Texas 75201
Tim.durst@bakerbotts.com

                                      s/ *Jose F. Torres*

                                  _____
Jose F. Torres
Florida Bar No. 148067
CAMPBELL & MALAFY
1000 Ponce de Leon Blvd., Ste. 205
Coral Gables, Florida 33134
(305) 447-8580
torreslaw@mac.com