IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, in his Capacity as Court Appointed Receiver for the STANFORD INTERNATIONAL BANK, LTD., ET AL, | § | |
| Plaintiff, | § | C.A. No. 3:09-CV-00724-N |
| v. | § | |
| JAMES R. ALGUIRE, ET AL, | § | |
| Defendants. | § | |

---

| | | |
|---|---|---|
| RALPH S. JANVEY, in his Capacity as Court Appointed Receiver for the STANFORD INTERNATIONAL BANK, LTD., ET AL, | § | |
| Plaintiff, | § | C.A. No. 3:10-CV-1002-N |
| v. | § | |
| JOSE MANUAL FERNANDEZ, ET AL, | § | |
| Defendants. | § | |

---

| | | |
|---|---|---|
| RALPH S. JANVEY, in his Capacity as Court Appointed Receiver for the STANFORD INTERNATIONAL BANK, LTD., ET AL, | § | |
| Plaintiff, | § | C.A. No. 3:10-CV-0366-N |
| v. | § | |
| MIGUEL VENGER, ET AL, | § | |
| Defendants. | § | |

---

| | | |
|---|---|---|
| RALPH S. JANVEY, in his Capacity as Court Appointed Receiver for the STANFORD INTERNATIONAL BANK, LTD., ET AL, | § | |
| Plaintiff, | § | |
| | § | C.A. No. 3:10-CV-1394-N |
| v. | § | |
| RONALD WIESELBERG, ET AL, | § | |
| Defendants. | § | |

**DEFENDANTS' REPLY TO RECEIVER'S RESPONSE TO ADDITIONAL DEFENDANTS' MOTION TO DISMISS**

Dr. Henry A. Mentz, III, David Topp, Dora Topp and Risia Wine Topp [C.A. No. 3:09-CV-00724-N]; the Edward Rubin EstateAND Robert Rubin [C.A. No. 3:10-CV-1002-N]; Eduardo A. Najera, Jennifer M. Najera, and Michael E. Staid [C.A. No. 3:10-CV-0366-N]; and Gene B. Ramirez [C.A. No. 3:10-CV-1394-N] (collectively referred to herein as "Movants") file their Reply to Receiver's Response to Additional Defendants' Motion to Dismiss pursuant to Rules 8, 9(b), and 12 of the Federal Rules of Civil Procedures, and supporting brief, as follows:

## I. SUMMARY

The Movants were investors in CDs issued by Stanford International Bank Limited ("SIBL") in Antigua. The Receiver has spent millions of dollars filing and prosecuting multiple lawsuits against innocent investors using pleadings that fail to meet the requirements of Federal Rules of Civil Procedure 8(a) and 9(b), and filing multiple amended and supplemental complaints in violation of Federal Rule of Civil Procedure 15. Ignoring these failures, the Receiver demands that the innocent defendants turn over large sums of money, much of which was paid to them pursuant to contractual obligations years ago, and that the defendants pay the Receiver's substantial attorney's fees. The Receiver's Complaint and amended/supplemental

complaints should be dismissed because the Receiver lacks standing and because the Complaint and amended/supplemental complaints fail to state a claim upon which relief can be granted and fails to satisfy the pleading requirements of Rules 8(a) and 9(b).

## II. ARGUMENTS AND AUTHORITIES

### A. The Complaint should be dismissed pursuant to Rule 12(b)(1) because the Receiver lacks standing and because principles of comity require the Court to decline to exercise subject matter jurisdiction.

As set forth in Movants' respective motions to dismiss, the Receiver lacks standing to pursue the claims asserted in the Complaint. The Receiver contends that he brings this action as the receiver of SIBL, an entity incorporated in Antigua and Barbuda under the International Business Corporation Act. As the Court is aware, the government of Antigua and Barbuda, pursuant to properly convened legal proceedings before the Eastern Caribbean Supreme Court of Justice, appointed Nigel Hamilton-Smith and Peter Wastell as Liquidators of SIBL (the "Liquidators"). These orders place the Liquidators in custody and control of all tangible or intangible assets of SIBL, including the causes of action asserted against Movants. Therefore, the Receiver lacks standing to assert these causes of action.

Although the Receiver and Liquidators purportedly entered into an agreement regarding resolution of SIBL's claims, that settlement has not been approved by the relevant courts. In fact, the Receiver and the Liquidators filed an Agreed Motion to Stay Proceedings related to approval of the stipulated settlement pending the Antiguan court's resolution of a related matter. [*See* Case No. 03:09-cv-0298, Doc. 1103] This Court granted that Agreed Motion on June 21, 2010 and denied without prejudice the agreed motion for approval of stipulation of settlement. [*See* Case No. 03:09-cv-0298, Doc. 1110] The Eastern Caribbean Supreme Court shortly

thereafter revoked the Antiguan Liquidators' appointment and is considering the appointment of a new liquidator to exercise that authority. [*See* Case No. 03:09-cv-00721, Doc. 69] To date, no settlement has been approved.

The fact that the Receiver found it necessary to negotiate a settlement with the Liquidators is tantamount to an admission on his part that he lacks standing to pursue the claims against Movants. The proposed Stipulation of Settlement, which was filed with the Court on May 19, 2010, was a negotiated ceasefire that would allow the Receiver to pursue assets located in the U.S. and Canada and at the same time allow the Liquidators to pursue assets in Antigua and the UK. [*See* Case No. 03:09-cv-0298, Doc. 1103] The Receiver would not have negotiated the proposed settlement had he not known that the appointment of the Antiguan Liquidators deprived him of standing to pursue the claims in this Court. Until the Antiguan court resolves the issue, this Court should decline to exercise jurisdiction over the Receiver's claims.

Contrary to the Receiver's contention, principles of comity require the Court to decline jurisdiction in this instance. The principles of comity specifically apply to foreign insolvency and bankruptcy proceedings such as that in which the Liquidators have been appointed by the Antiguan Supreme Court:

> Granting comity to a foreign bankruptcy proceeding may enable the debtor's assets to be disbursed in an equitable, orderly, and systematic manner, rather than in a haphazard, erratic, or piecemeal fashion. *Cunard S.S. Co. v. Salen Reefer Serv., A.B.*, 773 F.2d 452, 458 (2d Cir. 1985). Consequently, American courts have consistently recognized the interest of foreign courts in liquidating or winding up the affairs of their own domestic business entities.

*Oversees Inns, S.A.P.A. v. United States,* 911 F.2d 1146 (5th Cir. 1990). Indeed, the courts in the Fifth Circuit have repeatedly recognized and enforced these important principles. *See In re Viking Offshore (USA) Inc. v. Bodewes Winches, B.V.*, 405 B.R. 434, 794-95 (Bnkr. S.D. Tex.

2008) (dismissing adversary proceeding under principles of comity based on foreign bankruptcy proceeding); *Gulf Petro Trading Co. v. Nigerian Nat'l Pet. Corp.*, 288 F.Supp.2d 783 (dismissing action for lack of subject matter jurisdiction and declining to consider enforceability of Swedish arbitration award ); *Int'l Transactions, Lts. v. Embottelladora Agral Regiomontana S.A. de C.V.*, 277 F. Supp. 2d 670 (N.D. Tex. 2002) (dismissal on basis of comity because of pending Mexican bankruptcy proceedings), vacated on other grounds, 2003 U.S.App. Lexis 21192 (5th Cir. 2003); *Caddel v. Clairton Corp.*, 105 B.R. 366 (N.D. Tex. 1989) (dismissing creditor suit on grounds of comity where liquidator had been appointed by foreign court); *Fleeger v. Clarkson*, 86 F.R.D. 388 (N.D. Tex. 1980) (dismissing suit against receiver based on comity where receiver was appointed by foreign court).

Notably, the Receiver cites no authority for his bold assertion that comity to foreign proceedings is no "obstacle" to the Court's assertion of subject matter jurisdiction and provides no explanation as to why the Liquidators cannot properly wind down the affairs of SIBL, including on behalf of U.S. victims. Consistent with the precedent cited above, the Court should decline to exercise jurisdiction over the Receiver's claims unless and until the Receiver is able to negotiate a settlement with the Liquidators that is approved by the Antiguan Supreme Court that enables him to proceed before this Court.

**B. The Receiver's fraudulent transfer claims should be dismissed for failure to comply with the pleading requirements of Rule 9(b).**

As set forth in Movants' respective motions to dismiss, Movants contend that Rule 9(b) does in fact apply to the Receiver's fraudulent transfer claims. The Receiver's Complaint fails to meet this heightened pleading requirement because he fail to allege the exact dates on which the allegedly fraudulent transfers were made, the amount of money involved in each, and the account

to which the money was transferred. Movants need this information in order the mount their defense to the Receiver's claims. For these reasons, and for the other reasons set forth in the motions to dismiss, the fraudulent transfer claims should be dismissed. Alternatively, the Receiver should be required to re-plead with greater specificity.

### C. The Receiver fails to sufficiently plead the Receiver's unjust enrichment claim or to state a claim for upon which relief can be granted.

Although the Receiver now contends that Texas law applies to the fraudulent transfer claims, he still has not identified which state laws apply to his claims for unjust enrichment. Absent the identification of which state's laws apply, the Complaint's unjust enrichment allegations are deficient under Rule 8(a) because they fail to give Movants sufficient notice as to the elements of the Receiver's unjust enrichment claim and prevent the Court from determining whether the Receiver has pled all elements of the applicable unjust enrichment laws he relies upon in bringing claims against the various defendants. For this reason, and for the additional reasons set forth in Movants' motions to dismiss, the Receiver's unjust enrichment cause of action should be dismissed pursuant to Rule 12(b)(6).

WHEREFORE, Movants respectfully request that the Receiver's Complaint and amended/supplemental complaints be dismissed, that Movants be awarded their costs and for such other and further relief to which they may be entitled.

Respectfully submitted,

By: /s/ Monica L. Luebker
Monica L. Luebker (Lead Attorney)
State Bar No. 12670750
Cheryl E. Diaz
State Bar No. 05804350

FISHMAN JACKSON LUEBKER PLLC
Three Galleria Tower
13155 Noel Road, Suite 700
Dallas, TX 75240-1518
(972) 419-5500
(972) 419-5501 (FAX)
mluebker@fishmanjackson.com
cdiaz@fishmanjackson.com

ATTORNEYS FOR DEFENDANTS DR. HENRY A. MENTZ, III, DAVID TOPP, DORA TOPP, RISIA WINE TOPP, THE EDWARD RUBIN ESTATE, ROBERT RUBIN, SHARON JERENE MARABLE, EDUARDO A. NAJERA, JENNIFER M. NAJERA, MICHAEL E. STAID and GENE B. RAMIREZ

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was filed electronically on the 6th day of June, 2011. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via facsimile and/or regular mail. Parties may access this filing through the Court's electronic filing system.

/s/ Monica L. Luebker
Monica L. Luebker