UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, § | |
| § | |
| Plaintiff, § | |
| § | Case No. 3:10-CV-1394-N-BG |
| § | |
| v. § | |
| § | |
| RONALD WIESELBERG, *et al.*, § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

This action is one of many brought by court-appointed Receiver Ralph S. Janvey (Receiver) to recover monies allegedly used to further R. Allen Stanford's Ponzi scheme and paid to investors and employees of Stanford entities. In this action, the Receiver alleges that the Defendants, former employees of Stanford entities, invested in certificates of deposit (CDs) issued by Stanford International Bank, Ltd. and collectively received over $27 million in proceeds from same. The Receiver now seeks disgorgement of the proceeds pursuant to fraudulent transfer law and, in the alternative, the doctrine of unjust enrichment. Now before the court is Defendant Pedro Rodriguez's Motion to Dismiss, ECF No. 14, which the district court referred to the undersigned magistrate judge for findings, conclusions, and recommendations. *See* Orders, *In re Stanford Entities Secs. Litig.*, 3:09-MD-2099-N (N.D. Tex. Dec. 11, 2012, Feb. 13, 2014) (ECF Nos. 34, 50).

In support of his motion, Rodriguez argues that the Receiver's Complaint should be dismissed pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed in this Report and Recommendation, the undersigned recommends that the district court deny Rodriguez's motion.

**I.      Discussion**

*The Fraudulent Transfer Claim Satisfies Rules 8(a) and 12(b)(6)*

Rodriguez argues that the Receiver fails to provide the legal authority under which he seeks relief for his allegations of fraudulent transfer. As the court has done in other cases with similarly pleaded allegations, the court should find that the Receiver has adequately alleged a claim under the Texas Uniform Fraudulent Transfer Act (TUFTA): the Receiver alleges that R. Allen Stanford and others operated a Ponzi scheme; CD proceeds from the Ponzi scheme were transferred to the Defendants for the purpose of concealing and perpetuating the scheme and with actual intent to hinder, delay, or defraud creditors; and the Receiver is entitled to recover the CD proceeds unless the Defendants can prove both objective good faith and reasonably equivalent value. Compl. ¶¶ 17, 32–35 (ECF No. 1). In addition, the Receiver references TUFTA. *Id.* ¶ 36. These allegations are sufficient to state a fraudulent transfer claim. *See* Report and Recommendation, *Janvey v. Stinson*, 3:10-CV-2586-N-BG (ECF No. 30) (finding that similar allegations stated a TUFTA claim) (N.D. Tex. Mar. 29, 2013) (adopted ECF No. 31).

Rodriguez nonetheless argues that dismissal under Rule 12(b)(6) is appropriate because the transfers of the CD proceeds were made for reasonably equivalent value. Citing TEX. BUS. & COM. CODE § 24.004(a), he argues, *inter alia*, that the proceeds he received represent the payment of an antecedent debt and § 24.004(a) provides that "value" includes satisfaction of an antecedent debt. He further argues that the bank's payment of the accrued interest constituted a "dollar-for-dollar forgiveness of a contractual debt," which represents "reasonably equivalent value."

2

"Whether a transfer is made for a reasonably equivalent value is, in every case, largely a question of fact." *In re Zedda*, 103 F.3d 1195, 1205 (5th Cir. 1997) (acknowledging fact issue in bankruptcy proceedings); *see also* Order, *Janvey v. Merge Healthcare, Inc.*, 3:10-CV-1465-N, at 6 (N.D. Tex. Apr. 16, 2014) (ECF No. 64) (declining to grant motion to dismiss constructive fraud claims on Defendants' argument that Stanford entities received reasonably equivalent value for monies received). Accordingly, determining whether reasonably equivalent value was given in this case would require the court to look beyond the pleadings and make a factual determination. Such would be inappropriate at this stage of the proceedings; although Rodriguez may, at a later time, be able to establish the affirmative defense—of objective good fath and reasonably equivalent value—, he has not established the defense at this point. Dismissal may issue pursuant to Rule 12(b)(6) "if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Such is not the situation in this case.

### *The Unjust Enrichment Claim Satisfies Rules 8(a) and 12(b)(6)*

The Receiver's allegations concerning unjust enrichment likewise satisfy the pleading requirements of Rule 8(a) and are sufficient to state a claim upon which relief can be granted. As in other complaints in the Stanford litigation, the Receiver alleges that the Defendants obtained CD proceeds as a result of taking undue advantage, the Defendants were unjustly enriched by their receipt of the CD proceeds, and the proceeds "in equity and good conscience belong to the Receivership." Compl. ¶ 39. Such allegations have survived similar arguments in other Stanford cases and should in this case. *See* Order, *Janvey v. Univ. of Miami*, 3:11-CV-041-N, at 10 (N.D. Tex. July 11, 2013) (ECF No. 44) (finding that the Plaintiffs' allegation that the "University obtained a benefit from the Stanford Defendants' scheme that equity dictates they cannot retain

justly" stated an unjust enrichment claim). Rodriguez's argument that the Receiver has failed to allege the requisite elements of an unjust enrichment claim is without merit.

*The Receiver Pleads in Compliance with Rule 9(b)*

Rodriguez argues that the Receiver fails to satisfy Rule 9(b)'s heightened pleading requirement. The court has rejected identical arguments in other cases. *See* Order, *Janvey v. Venger*, 3:10-CV-366-N (N.D. Tex. May 21, 2102) (ECF No. 280); *see also Janvey v. Alguire*, 846 F. Supp. 2d 662, 676–77 (N.D. Tex. 2011). The court should do the same in this case.

**II.    Recommendation**

Based on the foregoing, the undersigned **RECOMMENDS** that the district court **DENY** Rodriguez's motion in its entirety.

**III.    Right to Object**

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: May 1, 2014.

_____
NANCY M. KOENIG
United States Magistrate Judge