UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, §<br>§<br>Plaintiff, §<br>§<br>§<br>v. §<br>§<br>RONALD WIESELBERG, *et al.*, §<br>§<br>Defendants. § | Case No. 3:10-CV-1394-N-BG |

## REPORT AND RECOMMENDATION

This action is one of many brought by court-appointed Receiver Ralph S. Janvey (Receiver) to recover monies allegedly used to further R. Allen Stanford's Ponzi scheme and paid to investors and employees of Stanford entities. In this action, the Receiver alleges that the Defendants, former employees of Stanford entities, invested in certificates of deposit (CDs) issued by Stanford International Bank, Ltd. and collectively received over $27 million in proceeds from same. The Receiver now seeks disgorgement of the proceeds pursuant to fraudulent transfer law and, in the alternative, the doctrine of unjust enrichment. Now before the court is Defendant Gene B. Ramirez's motion to dismiss, ECF No. 15, which the district court referred to the undersigned magistrate judge for findings, conclusions, and recommendations. *See* Orders, *In re Stanford Entities Secs. Litig.*, 3:09-MD-2099-N (N.D. Tex. Dec. 11, 2012, Feb. 13, 2014) (ECF Nos. 34, 50).

In support of his motion, Ramirez argues that the Receiver's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the Receiver lacks standing to pursue the claims asserted in the complaint and pursuant to Rule 12(b)(6) for failing to state a claim upon which relief can be granted and for failing to comply with the pleading requirements of Rules 8(a) and 9(b).

For the reasons discussed in this Report and Recommendation, the undersigned recommends that the district court deny Ramirez's motion.

**I.**
**Discussion**

A.   *The Receiver has standing to bring the claims in this action*

Ramirez argues that the Receiver lacks standing to bring this action as the receiver of Stanford International Bank, Ltd. because the governments of Antigua and Barbuda have appointed joint liquidators to bring such actions and any agreement that the Receiver and the liquidators may have does not grant standing to the Receiver.  Given the settlement agreement between the Receiver and the liquidators that this court approved, Ramirez's argument should be rejected as moot. *See* Order, *SEC v. Stanford Int'l Bank, Ltd.*, 3:09-CV-298-N (N.D. Tex. Apr. 11, 2013) (ECF 1844).

B.   *The Receiver's allegations of fraudulent transfer state a claim for relief and satisfy pleading standards*

Ramirez argues that the Receiver fails to provide factual specificity in regard to his fraudulent transfer claim, indicate the specific state statute he relies upon for his claim, and sufficiently plead the "who, what, when, and where" required under Rule 9(b).  As the court has done in other cases with similarly pleaded allegations, the court should find that the Receiver has stated a claim under the Texas Uniform Fraudulent Transfer Act (TUFTA).  The Receiver's first claim in this action concerns fraudulent transfers under TEX. BUS. & COM. CODE § 24.005(a)(1).  The Receiver references TUFTA and alleges that R. Allen Stanford and others operated a Ponzi scheme; CD proceeds from the Ponzi scheme were transferred to the Defendants for the purpose of concealing and perpetuating the scheme and with actual intent to hinder, delay, or defraud creditors;

and the Receiver is entitled to recover the CD proceeds unless the Defendants can prove both objective good faith and reasonably equivalent value. Compl. ¶¶ 17, 32–36 (ECF No. 1); *see Janvey v. Alguire*, 846 F. Supp. 2d 662, 670–71 (N. D. Tex. 2011) (finding allegations like those alleged in this action sufficiently identified TUFTA as the applicable fraudulent transfer law and satisfied Rules 8(a) and 12(b)(6)). The Receiver's allegations are sufficient to state a fraudulent transfer claim under TUFTA. The court should reject Ramirez's claims to the contrary.

The court should likewise reject Ramirez's argument that the Receiver fails to comply with the pleading requirements of Rule 9(b). The court has previously rejected such arguments, finding that Rule 9(b) does not apply to the Receiver's claims and, even if it did, the Receiver's allegations are sufficient to survive a motion to dismiss. *See id*. at 676–78 ("the Receiver's TUFTA claim need not satisfy Rule 9(b) and, even if it did, the Receiver "alleges fraud with sufficient particularity to avoid dismissal"); *see also* Order, *Janvey v. Merge Healthcare, Inc*., 3:10-CV-1465-N, at 7 (N.D. Tex. Apr. 16, 2014) (ECF No. 64) (same).

C.  *The Receiver's allegations of unjust enrichment state a claim for relief and satisfy pleading standards*

The Receiver's allegations concerning unjust enrichment satisfy the pleading requirements of Rule 8 and are sufficient to state a claim upon which relief can be granted. As in other complaints in the Stanford litigation that have survived motions to dismiss, the Receiver alleges that the Defendants hold CDs that they obtained as a result of taking undue advantage, the Defendants were unjustly enriched by their receipt of the CD proceeds, and the proceeds "in equity and good conscience belong to the Receivership." Compl. ¶ 39. Such allegations have survived similar arguments in other Stanford cases and should as well in this case. *See* Order, *Janvey v. Univ. of*

*Miami*, 3:11-CV-041-N, at 10 (N.D. Tex. July 11, 2013) (ECF No. 44) (finding that the Plaintiffs' allegation that the "University obtained a benefit from the Stanford Defendants' scheme that equity dictates they cannot retain justly" stated an unjust enrichment claim). Ramirez's argument that the Receiver has failed to allege the requisite elements of a claim of unjust enrichment is without merit.

## II.     Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the district court **DENY** Ramirez's motion in its entirety.

## III.    Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:     May 1, 2014.

_____
NANCY M. KOENIG
United States Magistrate Judge