UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 3:10-CV-1394-N-BG |
| | § | |
| v. | § | |
| | § | |
| RONALD WIESELBERG, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

This action is one of many brought by court-appointed Receiver Ralph S. Janvey (Receiver) to recover monies allegedly used to further R. Allen Stanford's Ponzi scheme and paid to investors and employees of Stanford entities. In this action, the Receiver alleges that the Defendants, former employees of Stanford entities, invested in certificates of deposit (CDs) issued by Stanford International Bank, Ltd. and collectively received over $27 million in proceeds from same. The Receiver seeks disgorgement of the proceeds pursuant to fraudulent transfer law and, in the alternative, the doctrine of unjust enrichment.

Now before the court is a motion to dismiss filed by Defendants Ronald Wieselberg, Monica A. Cespedes, Elsie H. Lecusay, and Ricardo Cobiella (Defendants), ECF No. 23, which the district court referred to the undersigned magistrate judge for findings, conclusions, and recommendations. *See* Orders, *In re Stanford Entities Secs. Litig.*, 3:09-MD-2099-N (N.D. Tex. Dec. 11, 2012, Feb. 13, 2014) (ECF Nos. 34, 50).

Defendants argue for dismissal on grounds that the Receiver has not established that personal jurisdiction over the Defendants, who are Florida residents, is proper in this court; fails to state a

claim upon which relief can be granted because he has failed to establish that the Defendants are proper "relief defendants"; has not shown wrongdoing on the part of the Defendants to support a fraudulent transfer claim; fails to state an unjust enrichment claim under Florida law; and fails to plead with particularity as required by Fed. R. Civ. P. 9(b).

The Defendants' arguments do not require dismissal. First, this court has determined that minimum contacts analysis does not apply to receivership actions and that 28 U.S.C. §§ 754, 1692 provides the appropriate statutory authority for the court's exercise of personal jurisdiction over Defendants like those in this case. *See* Order, *Janvey v. Venger*, 3:10-CV-366-N (N.D. Tex. July 25, 2011) (ECF No. 172) (rejecting argument for dismissal based on lack of personal jurisdiction asserted by Tennessee residents). In the absence of any argument of improper service, the court should find that due process requirements are satisfied and that jurisdiction is proper in this court. *Id*.

Second, the Receiver has not identified the Defendants as "relief defendants," and given that the Defendants are investors in Stanford CDs, they cannot be treated as such. *Janvey v. Adams*, 588 F.3d 831, 834–35 (5th Cir. 2009). This court has construed the same type of allegations the Receiver brings in this action as fraudulent transfer actions brought pursuant to the Texas Uniform Fraudulent Transfer Act (TUFTA) rather than claims against relief defendants and should in this case. The Receiver alleges that R. Allen Stanford and others operated a Ponzi scheme; CD proceeds from the Ponzi scheme were transferred to the Defendants for the purpose of concealing and perpetuating the scheme and with actual intent to hinder, delay, or defraud creditors; and the Receiver is entitled to recover the CD proceeds unless the Defendants can prove both objective good

2

faith and reasonably equivalent value. Compl. ¶¶ 17, 32–35 (ECF No. 1). In addition, the Receiver references TUFTA. *Id*. ¶ 36. These allegations are sufficient to state a claim under TUFTA, and TUFTA, rather than Florida law, should apply in this case. *See* Report and Recommendation, *Janvey v. Stinson*, 3:10-CV-2586-N-BG (ECF No. 30) (finding that similar allegations stated a TUFTA claim) (N.D. Tex. Mar. 29, 2013) (adopted ECF No. 31); *Janvey v. Alguire*, 846 F. Supp. 2d 662, 671 (N.D. Tex. 2011) (applying Texas law and TUFTA, specifically, in the absence of showing that another state's law applied). Further, contrary to the Defendants' argument, the fact that the Receiver does not allege wrongdoing on the part of the Defendants is not fatal to his claim. As the district court is aware, an allegation of wrongdoing on the part of the transferee is not an element of a TUFTA claim; rather, the transferee may avoid liability by establishing the affirmative defense that they "took in good faith and for reasonably equivalent value." TEX. BUS. & COM. CODE § 24.009(a) (West 2014). However, "[t]he transferee's knowledge is irrelevant to determining whether transfers were made with an intent to defraud." *Alguire*, 846 F. Supp. 2d at 672 (citation omitted).

Likewise, the Receiver need not plead wrongdoing to establish an unjust enrichment claim. *Id*. at 673–74. In this case, as in other complaints in the Stanford litigation, the Receiver alleges that the Defendants received CD proceeds as a result of a taking of undue advantage, the Defendants were unjustly enriched by their receipt of the CD proceeds, and the proceeds "in equity and good conscience belong to the Receivership." Compl. ¶ 39. Such allegations have survived similar arguments in other Stanford cases and should in this case. *See* Order, *Janvey v. Univ. of Miami*, 3:11-CV-041-N, at 10 (N.D. Tex. July 11, 2013) (ECF No. 44) (finding that the Plaintiffs' allegation that the "University obtained a benefit from the Stanford Defendants' scheme that equity dictates

they cannot retain justly" stated an unjust enrichment claim). Likewise, as in other cases, *see*, *e.g.*, *Alguire*, 846 F. Supp. 2d at 674–75, the court should find that the Receiver has alleged an equitable claim under "applicable law."

Finally, the court should reject the Defendants' contention that the Receiver fails to satisfy Rule 9(b)'s heightened pleading requirement. The court has rejected identical arguments in other cases. *See* Order, *Janvey v. Venger*, 3:10-CV-366-N (N.D. Tex. May 21, 2102) (ECF No. 280); *see also Janvey*, 846 F. Supp. 2d at 676–77. The court should do the same in this case.

## II.  Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the district court **DENY** the Defendants' motion in its entirety.

## III.  Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:           May 13, 2014.

_____
NANCY M. KOENIG
United States Magistrate Judge