UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, § | |
| § | |
| Plaintiff, § | |
| § | Case No. 3:10-CV-1394-N-BG |
| § | |
| v. § | |
| § | |
| RONALD WIESELBERG, *et al.*, § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

The district court appointed Plaintiff Ralph S. Janvey to serve as Receiver for the multi-district litigation proceeding, *In re Stanford Entities Secs. Litig.*, 3:09-MD-2099-N. *See* Second Am. Order Appointing Receiver, 3:09-CV-298-N (N.D. Tex. Feb. 17, 2009) (ECF No. 1130). Acting in his capacity as Receiver, Janvey brought the instant action against Defendants Thomas L. Gourlay, Cineyris J. Davila, and others, former employees of Stanford entities, seeking disgorgement of proceeds the Defendants received from certificates of deposit (CDs) that were issued by Stanford International Bank, Ltd.

Defendants Thomas L. Gourlay and Cineyris J. Davila assert counterclaims of breach of contract and promissory estoppel against the Receiver, and the Receiver moves for dismissal of the counterclaims. Pursuant to the pertinent orders of referral, *see* Orders, *In re Stanford Entities Secs. Litig.*, 3:09-MD-2099-N (N.D. Tex. Dec. 11, 2012, Feb. 13, 2014) (ECF Nos. 34, 50), the undersigned addresses Janvey's motion to dismiss the counterclaims in this Report and Recommendation.

**I.     Discussion**

Gourlay and Davila allege in their counterclaims that the CDs at issue constitute valid and enforceable contracts between themselves and the Receiver's predecessor in interest; they performed their contractual obligations by purchasing the CDs; and they experienced damages as a result of the breach because of a change in the value of the CDs. Gourlay alleges that his CDs were worth $151,019.11 in January 2009 and were assigned a value of $0 during the receivership without a return on his principal or interest; Davila alleges that her CDs were worth $102,427.12 immediately preceding the institution of the receivership and were assigned a value of $0 during the course of the receivership without a return of principal or interest. Gourlay's Am. Answer and Countercl. 5 (ECF No. 9); Davila's Answer and Countercl. 8 (ECF No. 11). Gourlay and Davila contend that they are therefore entitled to damages for breach of contract. In the alternative, they assert claims of promissory estoppel alleging that the CDs represent a promise that the Receiver's predecessor made to them; they relied upon the promise to their detriment; and they are entitled to damages in order to avoid unjust enrichment. Gourlay's Am. Answer and Countercl. 6 (ECF No. 9); Davila's Answer and Countercl. 8 (ECF No. 11).

Janvey's motion to dismiss should be granted and Gourlay's and Davila's counterclaims dismissed. In connection with the action filed by the Securities and Exchange Commission against Stanford International Bank, Ltd. and others, the district court entered orders assuming exclusive jurisdiction and possession of the "Receivership Assets" and "Receivership Records" (designated collectively as "Receivership Estate") that were then under the ownership and control of the bank and the other Defendants. *See* Second Am. Order Appointing Receiver ¶ 1, *SEC v. Stanford Int'l*

2

*Bank*, 3:09-CV-298-N, at 2 (N.D. Tex. Feb. 17, 2009) (ECF No. 1130).  The court also appointed Janvey as Receiver for the Receivership Estate in those orders.  *Id*.  Janvey argues that Gourlay's and Davila's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) on grounds that they have failed to state claims upon which relief can be granted.  He specifically argues that he is entitled to absolute judicial immunity under applicable law and the terms of the court's order appointing him as Receiver.  Janvey's arguments have merit.

"Court appointed receivers act as arms of the court and are entitled to share the appointing judge's absolute immunity provided that the challenged actions are taken in good faith and are within the scope of the authority granted to the receiver."  *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995) (citations omitted); *see also Kermit Const. Corp. v. Banco Credito y Ahorro Ponceno*, 547 F.2d 1, 3 (1st Cir. 1976) ("[A] receiver who faithfully and carefully carries out the orders of his appointing judge" is entitled to absolute judicial immunity.).  Neither Gourlay nor Davila have alleged that the Receiver took actions in bad faith or outside the scope of authority the court granted to him.  In the absence of such allegations, the Receiver is entitled to immunity for executing the tasks assigned to him in the order appointing him as Receiver.  *Id*.

Further, the court provided indemnity for actions the Receiver must take in connection with the tasks assigned to him: "Except for an act of willful malfeasance or gross negligence, the Receiver shall not be liable for any loss or damage incurred by the Receivership Estate . . . because of any act performed or not performed by him or his agents or assigns in connection with the discharge of his duties and responsibilities hereunder."  Second Am. Order Appointing Receiver ¶ 2. As the district court is well aware, such indemnity provisions are common in receivership actions,

and the Defendants have not challenged the indemnity provision, nor have they alleged that the Receiver acted with willful malfeasance or gross negligence.

Davila nonetheless argues that the indemnity clause is not a basis for dismissing her claims because the clause "protects the Receiver against claims that would hold him personally liable for carrying out his authorized duties." Def.'s Resp. 4 (ECF No. 24). She argues that the language in the indemnity clause "is consistent with the line of cases that protect the Receiver from personal liability absent bad faith or exceeding his authority" and that such protections are inapplicable here because her claim is based on contractual obligations that the bank owed at the time the Receiver was appointed rather than on any act that the Receiver took in connection with his duties. *Id*. Davila further argues that the order appointing the Receiver does not bar her claims but, rather, specifically contemplates that the Receiver will negotiate claims and defend against actions. *Id*. Citing *United States v. Vanguard Inv. Co., Inc.*, 6 F.3d 222 (4th Cir. 1993), she contends that her counterclaim is within the court's jurisdiction and that one of the purposes of a receivership action is to address claims such as the ones she brings.

As the Receiver points out, the case Davila cites does not authorize the litigation of her claims at this point in the receivership. In *Vanguard* it was determined that claims, including breach of contract, could be asserted at the "winding up" portion of the litigation. *Id*. at 225, 227. It is during the wind-up or "claims procedure" portion of litigation that claims such as those brought by Gourlay and Davila, assuming the claims are viable, may be addressed. *In re Bernard L. Madoff Inv. Secs. LLC*, 413 B.R. 137, 143 (Bankr. S.D.N.Y. 2009). The court has not yet established a claims process in this multi-district litigation. Thus, allowing Gourlay and Davila to bring their claims at this juncture would, as the Receiver argues, "effectively catapult their claims to the front

of the line" and potentially take assets from the Receivership Estate to the detriment of other creditors or claimants.  Receiver's Reply 4 (ECF No. 26.)

In addition and in the alternative, Gourlay's and Davila's claims would violate the court's bar on litigation against the Receiver and the Receivership Estate: "Creditors and other persons are hereby restrained and enjoined, without prior approval of the Court, from: . . . [a]ny act to collect, assess, or recover a claim against the Receiver or that would attach to or encumber the Receivership Estate."  Second Am. Order Appointing Receiver ¶ 10.

## II.   Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the district court **GRANT** the Receiver's motions (ECF Nos. 13, 16) and dismiss Gourlay's and Davila's counterclaims without prejudice.

## III.   Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) (2014); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are

accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:       June 5, 2014.

_____
NANCY M. KOENIG
United States Magistrate Judge