IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.,<br><br>Plaintiff,<br><br>v.<br><br>RONALD WIESELBERG, ET AL.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   Case No. 3:10-CV-1394-N-BG |

## NOTICE TO THE COURT REGARDING CASE STATUS

Plaintiff Ralph S. Janvey, in his capacity as Court-appointed Receiver for the Stanford entities, (the "Receiver") hereby files this Notice Regarding Case Status, respectfully stating as follows:

1. The Receiver filed this civil action on July 16, 2010, alleging that several former Stanford employees received payments from the Stanford Ponzi scheme in connection with their own investments in certificates of deposits issued by Stanford International Bank ("SIB CDs"). [Doc. 1.] The Receiver has asserted fraudulent transfer and unjust enrichment claims against these defendants.

2. This case is currently set for trial on February 1, 2016. Pretrial materials are currently due on December 21, 2015. For the reasons set forth herein, the Receiver hereby notifies the Court that the trial date will no longer be needed and thus that the Receiver will not be filing pretrial materials.

3. In the original filing of this lawsuit, the Receiver named 77 defendants. [Docs. 1, 1-1.] The Receiver served a number of the defendants. However, many of the defendants resided overseas or the Receiver was unable to locate them. Therefore, in some cases, the Receiver could not accomplish service, or he reached the conclusion that efforts to accomplish service would not be cost-beneficial.

4. Of the group of defendants that were served, the claims against some defendants were severed and consolidated with other actions pending before the Court. [Doc. 80.] Others have been dismissed pursuant to settlement agreements. [Docs. 111, 112.] Only four of the original defendants who have been served — Ronald Wieselberg ("Wieselberg"), Gladys A. Escobar ("Escobar"), Thomas Gourlay ("Gourlay"), and Ricardo Cobiella ("Cobiella") — remain in this civil action. As further described herein, the Receiver does not anticipate proceeding to trial against any of these defendants in this civil action.

### Wieselberg

5. On September 23, 2015, the Court granted the Receiver's Motion for Summary Judgment on the Receiver's fraudulent transfer claim against Wieselberg. [Doc. 108.] The Receiver's only remaining claim against Wieselberg is an unjust enrichment claim that seeks to recover the same funds that were the subject of the fraudulent transfer claim. Accordingly, the unjust enrichment claim is moot, and the Receiver has filed a Motion for Entry of Final Judgment against Wieselberg. [Doc. 116.] Therefore, there will be no remaining claims left to try against Wieselberg.

### Escobar

6. The Receiver served Escobar on December 22, 2010. Escobar has never answered or otherwise appeared in this case.

7. On December 15, 2015, the Clerk of the Court entered default against Escobar. [Doc. 115.] On December 21, 2015, the Receiver filed a Motion for Entry of Default Judgment against Escobar. [Docs. 117, 117-1.] Therefore, there will be no remaining claims left to try against Escobar.

### Gourlay

8. The Receiver has concluded a written settlement with Gourlay, that is effective as of December 21, 2015. The Receiver is awaiting payment pursuant to that agreement. Pursuant to the settlement agreement, the Receiver will file a motion to dismiss Gourlay following receipt of payment. Therefore, there will be no remaining claims left to try against Gourlay.

### Cobiella

9. The Receiver's lone remaining claim in this civil action is against Cobiella, who is a former sales associate responsible for selling Stanford International Bank certificates of deposit. Because there is a substantial overlap between the claims against Mr. Cobiella and the claims against the Stanford financial advisor defendants in *Janvey v. Alguire, et. al,* Case No. 3:09-CV-0724-N-BG (N.D. Tex.) (the "Alguire Lawsuit"), the Receiver has filed a motion asking the Court to sever the claims against Cobiella from this lawsuit and consolidate them with the claims in the Alguire Lawsuit. [Docs. 118, 118-1.] As explained in the motion to sever, such severance will further the interests of efficiency and judicial economy.

10. If the Court grants the Receiver's motion to sever, the claims against Cobiella will not be tried in this civil action.

### Conclusion

11. For the reasons described above, the Receiver does not anticipate a need for a trial in this civil action. After the Court rules on the pending motions regarding his claims against

Wieselberg, Escobar, and Cobiella, and on the anticipated motion to dismiss against Gourlay, the Receiver will file a notice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) dismissing his remaining claims without prejudice, at which time the civil action can be closed.

Dated:  December 21, 2015

Respectfully submitted,

**BAKER BOTTS L.L.P.**

By: */s/ Kevin M. Sadler*
    Kevin M. Sadler
    Texas Bar No. 17512450
    kevin.sadler@bakerbotts.com
    Scott D. Powers
    Texas Bar No. 24027746
    scott.powers@bakerbotts.com
    David T. Arlington
    Texas Bar No. 00790238
    david.arlington@bakerbotts.com
    98 San Jacinto Blvd., Suite 1500
    Austin, Texas 78701-4039
    (512) 322-2500
    (512) 322-2501 (Facsimile)

**ATTORNEYS FOR RECEIVER RALPH S. JANVEY**

**CERTIFICATE OF SERVICE**

      On December 21, 2015, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I will serve the following counsel or pro se parties of record electronically or by other means authorized by the Court or the Federal Rules of Civil Procedure:

Ronald Wieselberg
12000 N. Bayshore Drive, Apt.412
North Miami, Florida 33181
*pro se*

Ricardo Cobiella
10315 SW 131 Court
Miami, FL 33186
*pro se*

                                          */s/ Kevin M. Sadler*
                                          Kevin M. Sadler